United States District Court
Southern District of Texas

**ENTERED**

June 22, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIA HERNANDEZ VANOYE, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-25-3342 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Julia Hernandez Vanoye slipped and fell on a watery substance while shopping at Fiesta Mart on December 19, 2023. (Docket Entry No. 1 ¶ 7; Docket Entry No. 15-1 at 16:14–17). Vanoye sued Fiesta Mart under a premises-liability theory. (Docket Entry No. 1 ¶ 9). Fiesta Mart has moved for summary judgment, arguing that it had neither actual nor constructive notice of the substance before Vanoye slipped and fell. (Docket Entry No. 14). The court agrees. No reasonable jury could find that Fiesta Mart had actual or constructive notice of the substance before Vanoyes slipped and fell. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Because this court's jurisdiction is based on diversity, state law applies. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). "To prevail on a premises liability claim under Texas law, a plaintiff must establish: '(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's]

personal injuries.'"  *Barron v. United States*, 111 F.4th 667, 672 (5th Cir. 2024) (alterations in original) (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017)).

In this case, Fiesta Mart challenges the first element: knowledge.  (*See generally* Docket Entry No. 14).  A plaintiff satisfies the knowledge element "by showing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substances was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it, also known as 'constructive knowledge.'"  *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 669 (2025) (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).  "Plaintiffs make rely on both direct and circumstantial evidence of a defendant's knowledge."  *McCarty*, 864 F.3d at 358.

The record does not support an inference that Fiesta Mart caused the substance to puddle on the floor or that it had actual knowledge that the substance was on the floor.  *See Venancio v. Wal-Mart Stores Texas, LLC*, 804 F. Supp. 3d 709, 714 (S.D. Tex. 2025).  The plaintiff has no personal knowledge of how the substance got there.  (Docket Entry No. 14-2 at 18:16–19:2).  No testimony from a Fiesta Mart employee shows that Fiesta Mart knew of the substance.

The question is whether Fiesta Mart had constructive notice that the watery substance was on the floor before Vanoye slipped and fell.  An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect."  *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).  A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68.  The condition must have "existed for some length of time."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).  If the dangerous condition is conspicuous, "then an

employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment. *See id.* at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

There is no evidence in the record showing the length of time the watery substance was on the floor. The plaintiff instead relies on four pieces of circumstantial evidence: Vanoye testified that she slipped on reddish 'meat liquid' near Fiesta's meat department; (2) Fiesta's store manager confirmed the presence of additional 'drops of meat liquid' along another path through the store; (3) a Fiesta janitor promptly began mopping the substance after Vanoye fell; and (4) the watery substance appeared consistent with leaky meat packages being tracked or dripped through the store. (Docket Entry No. 15 at 2). But while these points may describe the substance Vanoye slipped on and what happened right after she fell, they do not show how long the substance was on the floor or that Fiesta Mart had constructive knowledge of the substance before the fall. *See Pipkin v. Kroger Texas, L.P.* 383 S.W.3d 655, 661–62 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (denying summary judgment when there was cleanup activity before the fall); *Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 479 (5th Cir. 2022) (proximity of an employee to

a spill is insufficient but the nature of a substance may show that the hazard "existed for long enough to result in constructive knowledge by the premises owner").

Vanoye attempts to raise a genuine factual dispute by arguing that she fell on a leak from the meat display itself, which is a routine hazard that Fiesta Mart knew about. (Docket Entry No. 15 at 5–10). This theory is inconsistent with Vanoye's own testimony and photos from the fall scene showing that Vanoy fell on "drops" and a trail of drops. (Docket Entry No. 15-1 at 16:5–19:2; Docket Entry No. 14-1). A trail of drops across the Fiesta Mart floor is inconsistent with a continuous leak from meat packages or the meat-department display.

Because there is no evidence sufficient to raise a triable issue on Fiesta Mart's knowledge, the court grants its motion for summary judgment. (Docket Entry No. 14). Summary judgment is not premature; Rule 56 does not require a party to wait until discovery is complete before a motion is filed, and, in any event, Fiesta Mart filed its motion after the close of the discovery. (Docket Entry No. 9 ("Mediation and Discovery due by 4/3/2026")).

Final judgment is entered separately.

SIGNED on June 22, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

4